Rick A. Cigel, Esq. (SBN 105424)
Michael B. Kadish, Esq. (SBN 164206)
THE CIGEL LAW GROUP, P.C.
10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Telephone: (424) 901-8513
Facsimile: (424) 901-8514

Attorneys for Plaintiff
ALLIED PROFESSIONALS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED PROFESSIONALS INSURANCE COMPANY, an Arizona corporation, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. NUMMY, L.M.T, an individual, <br><br> Defendant. | Case No. SACV 09-1105 CJC (Cwx) <br><br> Consolidated With: SACV 09-1420 CJC (Cwx) <br><br> [~~PROPOSED~~] JUDGMENT |

Upon consideration of plaintiff Allied Professionals Insurance Company's Motion for Entry of Arbitration Award as Judgment of Court, this Court makes the following findings and enters judgment as follows:

1. Defendant Thomas J. Nummy ("Nummy") is a massage therapist who purchased a malpractice insurance policy ("Policy") from plaintiff Allied Professionals Insurance Company ("APIC").

2. Donna Smith ("Smith") filed a medical malpractice suit against Nummy in Florida state court. Nummy tendered the Smith lawsuit to APIC, who denied coverage for various reasons. Nummy thereafter filed a third-party complaint against APIC in the Florida proceedings. Smith and Nummy settled their underlying dispute, but Nummy's third-party complaint against APIC remained.

3. The Policy contained a clear, unambiguous agreement to arbitrate all disputes and claims arising under or related to any of the provisions of the Policy. The Policy further provided that the agreement to arbitrate shall be governed by the Federal Arbitration Act ("FAA"), that the arbitration shall administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules, and the arbitration must occur in Orange County, California.

4. In January 2011, APIC and Nummy arbitrated their coverage dispute. The arbitration was held in Orange County, California. APIC appeared at the arbitration and was represented by attorney Rick A. Cigel. Nummy appeared at the arbitration and was represented by attorneys Henry J. Graham and Robert S. Cox of the Graham Law Firm of Tallahassee, Florida.

5. On January 26, 2011 arbitrator Lance A. LaBelle issued his Award of Arbitrator ("Award"). The Award provides in pertinent part,

"1. Allied Professionals Insurance Company did not have a duty to defend or indemnify Thomas J. Nummy, L.M.T. with respect to Donna L. Smith's claims and the ensuing litigation arising out of the incident which took place in Bay County, Florida on October 13, 2005, as Thomas J. Nummy cannot meet his burden of establishing that a potential for coverage existed within the scope of the INSURING AGREEMENTS of the Professional Liability Insurance Policy. *Waller v. Truck Insurance Exchange*, 11 Cal. 4th 1(1995).

2. Allied Professional Insurance Company shall not be entitled to any monetary recovery and its claim for $10,000 as set forth in its Demand For Arbitration is denied.

3. Each party shall bear their own fees and costs. Therefore, the administrative filing and case service fees of the American Arbitration Association, totaling $950.00 and the fees and expenses of the arbitrator, totaling $8,910.00, shall be borne as incurred."

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied."

More than three months have passed since the Award was rendered and transmitted to counsel for the parties, and during that period of time, no party has moved to have the award vacated, modified or corrected. The Award is final.

Through adoption of the AAA's Commercial Arbitration Rules, the parties have consented and agreed that judgment upon the Award may be entered by this Court.

**THEREFORE,** after careful consideration by the court of the papers submitted, evidence presented and arguments of counsel, the Court hereby rules as follows:

1. Plaintiff Allied Professionals Insurance Company's Motion for Entry of Arbitration Award as Judgment of Court is granted; and

2. **JUDGMENT** is entered herewith as follows:

a. Allied Professionals Insurance Company did not have a duty to defend or indemnify Thomas J. Nummy, L.M.T. with respect to Donna L. Smith's claims and the ensuing litigation arising out of the incident which took place in Bay County, Florida on October 13, 2005;

b. Allied Professional Insurance Company is not be entitled to any monetary recovery and its claim for $10,000 is denied;

c. Each party shall bear their own fees and costs. The administrative filing and case service fees of the American Arbitration Association, totaling $950.00 and the fees and expenses of the arbitrator, totaling $8,910.00, shall be borne by the parties as incurred;

d. The Award is in full settlement of all claims submitted to arbitration. All claims not expressly granted by the Award are denied; and

e. The parties shall bear their own fees and costs.

**IT IS SO ORDERED.**

DATED: ~~January~~ 12/27/11 ~~, 2012~~

The Honorable Cormac J. Carney

-4-
[~~PROPOSED~~] JUDGMENT